Jennie Deery, Appellant, *v.* Camden & Atlantic R. R. Co.

*Negligence—Railroads—Passengers—Alighting from train.*

Where a person becomes a passenger upon a railroad train, his consent is implied to all the company's reasonable rules and regulations for entering, occupying and leaving their cars, and if injury befall him by reason of his disregard of regulations which are necessary to the conduct of the business, the company is not liable in damages even though the negligence of their servants concurred with his own negligence in causing the mischief.

A passenger was riding in a combination car, one half of which was

used for passengers, and the other half for baggage. The car became crowded, and when the train arrived at the station, at which plaintiff desired to alight, she approached the side door of the car, which was used for baggage. The conductor, who was on the ground outside, extended his hand to help her alight, at the same time saying " step lively, madam, step lively." It did not appear that plaintiff made any effort to get off at the end door, or that she was required to get off where she did. *Held,* that a nonsuit was properly entered.

Plaintiff's act was in violation of a rule for the protection of passengers, it was obviously dangerous, and she must be considered as having voluntarily assumed the risk involved in it. In such case something more is required to render the company liable than its employee's consent to the passenger's negligent act.

Argued, Jan. 25, 1894. Appeal, No. 83, Jan. T., 1894, by plaintiff, from order of C. P. No. 2, Phila. Co., March T., 1891, No. 493, entering judgment of nonsuit. Before STERRETT, C. J., WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ. Affirmed.

Trespass for personal injuries. Before FELL, J.

At the trial it appeared that plaintiff was injured on Aug. 6, 1889, while alighting from a train at the Excursion House, Atlantic City. Plaintiff had purchased a round-trip ticket from Atlantic City to Longport. On her return she rode in a combination car, which was used, one half for passengers and one half for trunks and parcels. During the ride the car became crowded, both ends and between the seats being packed, and she with a female friend determined to get out at the Excursion House. At each end of the car there was an ordinary platform with ordinary steps. She had gotten into the car in that way. When the train reached the Excursion House, the conductor got off at the side door of the car, and called out " all out for the Excursion House." There was no platform there. Plaintiff described the accident as follows: " Q. Mrs. Darlington you say was with you? A. Yes, sir. Q. Is she a relative? A. No, sir; no relation at all. Q. You say that she got out the side door? A. With me; yes, sir; and some others. Q. She got out before you? A. Yes, sir; I was the last to get out, and hesitated about doing so. Q. Did she get out of her own motion; step right out there? A. The conductor, if I remember right, extended his hands for her to step out, as he did me, but I was rebelling against going out that way, and, of course, I was

taken up with my affairs at that time.   Q. The conductor, you think, extended his hands toward her as he did toward you? A. If I remember rightly, if my memory serves, I think he did. Q. You are certain the conductor did that? A. I am not certain to her, I am certain to myself.   Q. You are certain the conductor who took your ticket did that? A. The conductor who was on the car jumped off at that station.   Q. But do you say that the conductor of that train asked you to get off at the baggage door? A. Yes, sir; and when I hesitated, he extended his hands and he says: 'Step lively, madam, step lively,' and in stepping, that is where I was injured.   Q. You feel quite positive of that? A. Yes, sir."

The court entered a compulsory nonsuit and subsequently refused to take it off.

*Error assigned* was refusal to take off nonsuit.

*T. Elliott Patterson* and *William H. Staake*, for appellant.— The negligence of defendant was in so crowding the car with passengers, as to effectually block off any other means of exit than the side doorway of the car, making it necessary to pass through the side doorway, in obedience to the order, direction, command, invitation and example of the conductor.

The crowded condition of the car and the want of a platform constitute negligence on part of defendant: Merwin v. R. R., 48 Hun, 611; Whipple v. R. R., 2 W. N. 559; Leggett v. R. R., 143 Pa. 39.

Plaintiff had a right to rely upon the invitation of the conductor: R. R. v. Langdon, 92 Pa. 21; Snow v. R. R., 136 Mass. 552; Foss v. R. R., 47 Am. & Eng. R. R. Cas. 566; R. R. v. Leapley, 65 Md. 571; R. R. v. McCloskey, 23 Pa. 526; Beach on Cont. Neg. §§ 67, 68; Neslie v. R. R., 113 Pa. 300; McDermott v. Ry., 82 Wis. 246; Laing v. Colder, 8 Pa. 482; Herstine v. R. R., 151 Pa. 245; Hartzig v. R. R., 154 Pa. 364; R. R. v. Killips, 88 Pa. 413; R. R. v. Frantz, 121 Pa. 307.

The question whether plaintiff was guilty of contributory negligence was for the jury: Canal Co. v. Webster, 18 W. N. 339; Johnson v. R. R., 70 Pa. 366; Neiman v. Canal Co., 149 Pa. 92; Merwin v. R. R., 48 Hun, 611; Foss v. R. R. Co., 47 Am. & Eng. R. R. Cas. 556; McDermott v. Ry., 82 Wis. 346; R. R. v. Werner, 89 Pa. 59; Malone v. R. R.. 152 Pa. 390.

*David W. Sellers*, for appellee.—In Drake v. R. R., 137 **Pa.** 352, this court held that a passenger's consent to the regulations in regard to entering or leaving the cars is implied, and if he disregards them it is at his own peril.

That a conductor should tell a passenger to "Hurry up and get off" over a front platform, is no excuse to a passenger any more than to be told to go through a window: Reilly v. Ry., 4 W. N. 273. And this obvious principle was enforced in Langdon v. R. R., 92 Pa. 22; Sullivan v. R. R., 30 Pa. 234.

OPINION BY MR. JUSTICE McCOLLUM, Oct. 1, 1894:

In getting off the defendant company's car the plaintiff received an injury which she attributes to the negligence of the company and for which she seeks to recover compensation in this action. There is no reason to suppose that she would have been injured if in leaving the car she had conformed to a rule of the company which she observed in entering it. At each end of the car there were the usual conveniences for ingress and egress, consisting of a door, platform, steps and railing. It was a rule of the company well known to the traveling public that its passengers should enter and leave its cars where these conveniences were provided. The plaintiff was in a combination car, in one portion of which there were seats for passengers while the other part of it was appropriated to baggage. In the baggage compartment there was a side door through which the baggage was received and discharged. When the train stopped at Excursion House the plaintiff, instead of going out at the rear, or front, end of the car where there were conveniences for safe and easy entrance and exit, got off through the side door, and in doing so jumped from the floor of the car to the ground and received the injury complained of. It was an act in plain violation of a familiar rule governing passengers in entering and leaving cars, and it constituted prima facie at least a bar to an action against the company for the injury caused by it. That the injury for which the plaintiff seeks compensation was so caused is beyond question.

"When a railroad company undertakes the transportation of a passenger for an agreed price the contract includes many things. On the part of the passenger his consent is implied to all the company's reasonable rules and regulations for entering, oc-

cupying and leaving their cars, and if injury befall him by reason of his disregard of regulations which are necessary to the conduct of the business the company are not liable in damages even though the negligence of their servants concurred with his own negligence in causing the mischief:" Sullivan v. The Philadelphia & Reading Railroad Company, 30 Pa. 234. Nothing short of paramount and justifying necessity will excuse a departure from these regulations, or render the company liable for an injury caused by it : Pennsylvania Railroad Company v. Zebe, 33 Pa. 318. There was no such necessity in this case. That the car was crowded with passengers and in consequence thereof egress from it was retarded somewhat and rendered less convenient than under ordinary conditions, furnished no justification of the plaintiff's disregard of a reasonable regulation of the company. It nowhere appears in the testimony that she made an effort to get off the cars at the place provided for the accommodation and safety of passengers in leaving it, or that she was required to get off from it where she did. Neither the language of the conductor while she stood in the side door, nor the assistance he gave her in alighting, nor both combined, charged the company with responsibility for the consequences of her careless act. It was in violation of a rule for the protection of passengers, it was obviously dangerous and she must be considered as having voluntarily assumed the risk involved in it. In such case something more is required to render the company liable than its employee's consent to the passenger's negligent act: 4 Am. & Eng. Ency. of Law, p. 766 and cases cited ; Pennsylvania Railroad Company v. Langdon, 92 Pa. 21.

The specifications of error are overruled.

Judgment affirmed.